# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 18, 2016 Session

## MORRISTOWN HEART CONSULTANTS, LLC, et al. v. PRAGNESH PATEL, M.D.

### Appeal from the Circuit Court for Hamblen County
### No. 15-CV-185      Thomas J. Wright, Judge

### No. E2016-01151-COA-R3-CV-FILED-AUGUST 18, 2016

The appellants, Morristown Heart Consultants, LLC and Sunil Ramaprasad, M.D. ("Plaintiffs"), appeal from an order of the Trial Court which granted the declaratory judgment portion of the counterclaim filed by the appellee, Pragnesh Patel, M.D. ("Defendant"), in the proceedings below. The order does not resolve the declaratory judgment claims raised by Plaintiffs in their initial petition, nor does the order resolve the remaining claims for damages raised by Defendant in his counterclaim. Because it is clear that the order appealed from does not resolve all issues raised in the proceedings below, this appeal is dismissed for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN W. MCCLARTY, J., D. MICHAEL SWINEY, C.J., AND CHARLES D. SUSANO, JR., J.

Troy L. Bowlin, II, Morristown, Tennessee, for the appellants.

Matthew B. Evans, Morristown, Tennessee, for the appellee.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The order Plaintiffs seek to appeal directed that they comply with the General Rules and Regulations Governing the Practice of Medicine in Tennessee ("Tennessee Rules"), *see* Tenn. Comp. R. & Regs. 0880-02-.01, *et seq.*, by issuing a notification letter to the patients of Morristown Heart Consultants advising them of the departure of Defendant from the practice group and advising patients as to how they might contact Defendant at his new practice group. The order did not resolve the declaratory judgment claims raised by Plaintiffs in their initial petition, nor did the order resolve the remaining claims for damages raised by Defendant in his counterclaim. Plaintiffs filed this appeal seeking to challenge the notification letter order. Plaintiffs also filed a motion pursuant to Rule 7 of the Tennessee Rules of Appellate Procedure challenging the Trial Court's denial of their motion to stay enforcement of the order pending the outcome of this appeal. After this Court directed Defendant to respond to Plaintiffs' Rule 7 motion, Defendant filed a motion to dismiss asserting that the Trial Court's notification letter order is not a final judgment and that, therefore, this Court does not have jurisdiction to consider this appeal. In response to Defendant's motion to dismiss, Plaintiffs argue that the notification letter order was final because: (a) the Trial Court and the parties "intended" that it be final; (b) "declaratory relief actions are separate from [Defendant's] counterclaims"; and (c) the order is a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. In the alternative, and if the Court determines the order not to be a final judgment, Plaintiffs ask that this Court suspend pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure the requirement under Rule 3(a) of the Tennessee Rules of Appellate Procedure that there be a final judgment.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In Re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Although Plaintiffs acknowledge that this Court has concluded in the past that it lacks jurisdiction to consider an appeal from an order granting declaratory judgment where other claims remain pending in the proceedings below, *see, e.g.*, *Gordon v. Beard*, No. M2008-02465-COA-R3-CV, 2009 WL 2190733 (Tenn. Ct. App., Middle Division, Jul. 22, 2009), Plaintiffs contend that this case is different because Defendant's remaining counterclaims "do not relate to declaratory relief" and should not keep this Court from concluding that the notification letter order is a final appealable judgment. We respectfully disagree with Plaintiffs' position. It is also clear from the Trial Court's order denying Plaintiffs' motion to stay enforcement of the notification letter order pending the outcome of this appeal that the Trial Court never believed the order was final or

intended for it to be considered final and appealable. We reach this conclusion based on both the Trial Court's express statement that the notification letter order was "not a final order," and the fact that the Trial Court did not "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment" as required by Rule 54.02 of the Tennessee Rules of Civil Procedure. "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990).

Having determined that the order on appeal is not a final judgment, we turn now to Plaintiffs' request that we suspend this order pursuant to Rule 2 the requirement under Rule 3(a) that there be a final judgment. "This Court will suspend the finality requirements of Rule 3 of the Tennessee Rules of Appellate Procedure only in the most extenuating circumstances, where justice so demands." *Williams v. Tennessee Farmers Life Reassurance Co.*, No. M2010-01689-COA-R3-CV, 2011 WL 1842893, * 6 (Tenn. Ct. App., Middle Division, May 12, 2011). "The finality requirements of Rule 3 may not be 'waived' by the parties, and we will not suspend Rule 3 as a mere convenience or to work an end-run around Rule 54.02 of the Tennessee Rules of Civil Procedure, or Rules 9 and 10 of the Tennessee Rules of Appellate Procedure." *Id.* Because the interests of justice and judicial economy would not be served by this Court exercising jurisdiction over this appeal despite the lack of a final judgment, we decline to suspend pursuant to Rule 2 the requirement under Rule 3(a) that there be a final judgment for purposes of an appeal as of right. *Cf. Parker v. Lambert*, 206 S.W.3d 1, 3-4 (Tenn. Ct. App. 2006) (electing to suspend finality requirement where the only issues left unadjudicated were the calculation of the amount of one party=s attorney's fees and the "possibility" that the trial court would have to supervise the sale of property if the parties could not agree on a sales price or realtor); *In Re Estate of Goza*, No. W2013-00678-COA-R3-CV, 2014 WL 7235166, * 3-4 (Tenn. Ct. App., Western Division, Dec. 19, 2014) (electing to suspend finality requirement after consideration of "the immense amount of resources already expended in this litigation" in which the parties had "already attempted to litigate the same issue in three different courts"); *In Re Estate of James*, No. E2012-01021-COA-R3-CV, 2013 WL 593802, * 7 (Tenn. Ct. App., Eastern Division, Feb. 14, 2013) (electing to suspend finality requirement where the only issue left unadjudicated was "the issue of approving any additional fees and expenses that were incidental to the hearing or that were necessary to close the estate"); *Dulin v. Dulin*, No. W2002-02758-COA-R3-CV, 2004 WL 1238142, * 3 (Tenn. Ct. App., Western Division, Jun. 3, 2004) (electing to suspend finality requirement "because of the long and protracted proceedings involved in this case" and noting that it was "the second appeal of the case").

We, therefore, grant Defendant's motion and dismiss this appeal. This disposition renders all pending motions in this appeal moot. Costs on appeal are taxed to the Plaintiffs, Morristown Heart Consultants, LLC and Sunil Ramaprasad, M.D., and their surety, for which execution may issue if necessary.

**PER CURIAM**